IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, April 11, 2001

## JAMES E. SWIGGETT v. CARL R. OGLE, JR., and J. MICHAEL KERR

**Direct Appeal from the Chancery Court for Johnson County**
**No. 4702     Hon. C. Richard Johnson, Chancellor**

**FILED APRIL 30, 2001**

**No. E2000-01473-COA-R3-CV**

In this action for legal malpractice, the Trial Court ruled a prior suit filed by plaintiff and dismissed on the merits was *res judicata* to this action. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

James E. Swiggett, Mountain City, Tennessee, *pro se*.

Carl R. Ogle, Jr., Jefferson City, Tennessee, for Appellees.

### OPINION

Plaintiff filed the Complaint on October 22, 1999, charging defendants with legal malpractice allegedly occurring in 1992. Defendants filed a Motion to Dismiss on the grounds that the action was barred by the doctrine of *res judicata* and attached a copy of the Judgment dismissing the prior complaint essentially alleging the same cause of action. That suit was dismissed with prejudice on May 12, 1997. Also attached was a copy of a Court of Appeals Opinion affirming that action, James E. Swiggett v. Carl Ogle, Jr., and J. Michael Kerr, (Court of Appeals Opinion filed March 27, 1998 at Knoxville.)

Responding to the Motion to Dismiss, the Hon. Jean A. Stanley, granted defendants

summary judgment on the grounds that the action was barred by *res judicata*. The Judgment Ordered the plaintiff to pay the filing fees, court costs and the other related expenses in accordance with Tennessee Code Annotated Section 41-21-807, and directed the Clerk, pursuant to T.C.A. §41-21-812(a) that another claim by the plaintiff not be filed until all ordered fees and expenses were paid in full. But the Order did not apply to any case excepted by T.C.A. §41-21-812(b).

Plaintiff then filed a Motion to Alter or Amend which was overruled by the Hon. G. Richard Johnson, Chancellor, on May 18, 2000, and the order reaffirmed the conditions set forth in the Judgment.

The plaintiff argues that the Trial Judge erred in dismissing his action because it was refiled within the time allowed under T.C.A. §28-1-105. This statute is operational when an action is commenced within the original time limit, but is dismissed "upon any ground not concluded to plaintiff's right of action . . .". The statute allows for the action to be refiled within a year from the dismissal. *Id.* In this case the record establishes that plaintiff's first action for legal malpractice was dismissed on the merits and affirmed by the Court of Appeals. Accordingly, this code section has no application to the facts of this case. Moreover, the Trial Court correctly dismissed the action on the basis of *res judicata. Harrogate Corp. v. System Sales Corp.,* 915 S.W.2d 812 (Tenn. Ct. App. 1995).

Finally, plaintiff argues that the cost requirements of T.C.A. §41-21-801 *eq seq*, were wrongfully applied to him because he had not brought an action against the State of Tennessee, a State agency or its employees. While the statutes apply to actions brought by inmates against the State, its departments and employees, we find nothing in this part to limit the application to such suits. T.C.A. §41-21-802 provides that these statutes apply "to a claim brought by an inmate in general sessions or trial level courts of record in which an affidavit of inability to pay costs is filed with the claim by the inmate." We find this issue to be without merit.

We affirm the judgment of the Trial Court, and remand with the cost of the appeal assessed to James E. Swiggett.

_____
HERSCHEL PICKENS FRANKS, J.